## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL CHRISTIANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:06-cv-791-DFH-VSS |
| | ) | |
| DAVID WALKER, Chaplain, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Amended Complaint, Dismissing Insufficient Claims, and Directing Further Proceedings

### I.

The plaintiff's motion to amend complaint, filed on October 6, 2006, is **granted** consistent with the following rulings. The **clerk** shall **add the word Amended** to the title of the amended complaint tendered on October 6, 2006, and shall **file stamp and docket** the amended complaint.

The exhibits submitted in support of the amended complaint are **stricken** because they have been submitted prematurely. The **clerk** shall return to the plaintiff the exhibits to the amended complaint. The plaintiff may use such exhibits in the future when it is procedurally appropriate to do so.

### II.

The plaintiff is confined at the Wabash Valley Correctional Facility. He has paid the initial partial filing fee, and the amended complaint is now subject to the "screening" required by 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The amended complaint names 9 defendants: Chaplain David Walker; Superintendent Alan Finnan; Assistant Superintendent Julie Smith; Aramark Food Service Supervisor Jeanne Rae Hall; Aramark Food Service Director Michael Anderson; Commissioner David Donahue, Aramark Correctional Services, Inc.; L.A. Vanatta; and Amy Clark.

The plaintiff seeks compensatory and punitive damages, a declaratory judgment, and injunctive relief.  The plaintiff alleges that he has been denied a special religious diet and his right to practice his religion in violation of his constitutional rights, the Religious Land Use and Institutionalized Persons Act, and state law.

The following claims are legally insufficient:

The plaintiff alleges that the court may exercise diversity jurisdiction over the state law claims.  The plaintiff is confined in an Indiana prison and the defendants are all Indiana residents.  There is no diversity jurisdiction, nor does the plaintiff need to invoke diversity jurisdiction because he asserts the court's supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, which is a sufficient basis for such jurisdiction.

The claims for damages directly under the Indiana Constitution are **dismissed** because Indiana courts have not recognized an implied right of action for damages under the state constitution. *See Estate of O'Bryan v. Town of Sellersburg,* 2004 WL 1234215, *21, 3:02-cv-238-DFH-WGH (S.D. Ind. May 20, 2004); *Baker v. Washington Bd. of Works*, 2000 WL 33252101, IP99-642-C-T/G (S.D. Ind. June 8, 2000).

The only allegation asserted against defendant Counselor Amy Clark is that Clark had the plaintiff sign classification papers transferring plaintiff to a lower security level within the prison. These allegations fail to state a claim upon which relief can be granted and therefore, the claim against defendant Clark is **dismissed**.

The amended complaint asserts no allegations of wrongdoing against defendant Commissioner Donahue, and therefore, the claim against that defendant is **dismissed** for failure to state a claim upon which relief can be granted.

The claims for damages asserted against the defendants in their official capacities are, "in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). These claims are **dismissed** as legally insufficient because (1) the State of Indiana is not a "person" subject to suit pursuant to that statute, and (2) the State cannot be sued in federal court because of Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

The plaintiff alleges that defendant Vanatta denied his grievance appeal for a special religious diet with herbal exclusions.  This claim is **dismissed** for failure to state a claim upon which relief can be granted because the plaintiff does not have the right to any particular outcome when he files a grievance. Inmates do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and it is not compromised by the failure of a prison to address grievances or to respond in a desired way. *See, e.g., Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996)*; Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991).

The plaintiff alleges that defendant Jeanne Rae Hall, Food Service Supervisor of Aramark, told Chaplain Walker that if Walker approved the religious diet for the plaintiff, Ms. Hall would provide it. According to the plaintiff's own allegations, Ms. Hall was only obeying the instructions of prison personnel, and therefore, the claim against Ms. Hall is **dismissed** for failure to state a claim upon which relief can be granted.

No partial final judgment shall issue at this time as to the claims dismissed in this Entry.

## III.

The clerk shall **issue and serve process** on defendants **Chaplain David Walker, Superintendent Alan Finnan, Assistant Superintendent Julie Smith, Aramark Food Service Director Michael Anderson, and Aramark Correctional Services, Inc.,** in the manner specified by *Fed. R. Civ. P.* 4(d)(2). Process in this case shall consist of the amended complaint filed on October 6, applicable forms (1A and 1B), and this Entry.

So ordered.

_David F. Hamilton_
_____
DAVID F. HAMILTON, Judge
United States District Court

Date:   11/28/2006

**NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS OTHER THAN DOCKETING AND DISTRIBUTION.**

Distribution:

Michael Christianson
DOC #135489
Wabash Valley Correctional Facility
PO Box 2222
Carlisle, IN 47838

Chaplain David Walker
Superintendent Alan Finnan
Assistant Superintendent Julie Smith
Aramark Food Service Director Michael Anderson

                                           each at: Wabash Valley Correctional Facility
                                                      6906 S. Old U.S. Hwy 41
                                                        Carlisle, IN    47838

Aramark Correctional Services, Inc.
1801 S. Meyers Road, Suite 300
Oakbrook Terrace, IL   60181