**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MICHAEL CHRISTIANSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:06-cv-791-DFH-JMS |
| ) | |
| DAVID WALKER, Chaplain, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. **The plaintiff's motion to amend the complaint, filed on April 12, 2007, is *granted*.**

The **clerk** shall **file stamp and docket** the Second Amended Complaint filed on April 12, 2007. See Docket No. 57, Attachment 1. The Second Amended Complaint contains the same deficiencies as the Amended Complaint and thus is subject to the court's November 28, 2006, Entry which dismissed insufficient claims in the Amended Complaint and directed further proceedings. See Docket No. 18.

2. **The plaintiff's motion to supplement the Second Amended Complaint is *denied*.**

On June 14, 2007, the plaintiff sought to add the following language to the Second Amended Complaint:

> "The actions and omissions of defendant's David Walker, Robert Nemergut, Michael Anderson and ARAMARK Correctional Services, Inc., amount to a reckless or callous indifference for the known rights of the plaintiff and therefore violated the plaintiff's rights under the 1st and 14th Amendments to the United States Constitution and under the Religious Land Use and Institutionalized Persons Act at 42 U.S.C. 2000cc(1-2)."

See Docket No. 82.

The defendants objected to this supplement and various procedural motions followed:

    a.    **The plaintiff's motion for extension of time to file a reply is *denied.*** See Docket No. 95. This motion is denied, because the plaintiff's cross-reply memorandum regarding defendants' motion for judgment on the pleadings is for all practical purposes a reply to this motion as it discusses those acts of the defendants which the plaintiff asserts "amount to a reckless or callous indifference for the known rights of the plaintiff." See Docket No. 96.

    b.    On August 13, 2007, the plaintiff filed a motion for extension of time to file a cross-reply memorandum to the defendants' motion for judgment on the pleadings. Docket No. 94. This motion is **granted** to the extent that this cross-reply memorandum will be treated as a reply to plaintiff's motion to supplement the second amended complaint consistent with Part 2(a) of this Entry**.** See cross-reply at Docket No. 96.

    c.    On August 29, 2007, the defendants filed a motion to strike the plaintiff's "cross-reply memorandum, or alternatively, for leave to file a reply to plaintiffs' cross-reply memorandum." Docket No. 97 (motion), Docket No. 96 (cross-reply). This motion is **denied.** As discussed above, the plaintiff's "cross-reply memorandum" shall be treated as a reply to the plaintiff's motion to supplement the second amended complaint and therefore the defendants' motion to strike and request for leave to file a reply are both **denied.**

The plaintiffs' motion to supplement the Second Amended Complaint is **denied** because: (1) it does not add further factual allegations to the Second Amended Complaint, but merely interjects the standard for awarding punitive damages in a § 1983 case as articulated by the United States Supreme Court in *Smith v. Wade*, 461 U.S. 30 (1983); and (2) in accordance with Docket No. 18, Chaplain Robert Nemergut is not one of the five defendants who have been served in this case. He may not be added as a defendant because no new information has required the addition of this individual. The complaint states that Chaplain Nemergut was responsible for delivering the message to plaintiff that ARAMARK was not going to change its policy to accommodate him. That assertion is insufficient to allege a violation of plaintiff's civil rights.

    3.    **The defendants' May 4, 2007, motion for judgment on the pleadings is *granted in part and denied in part.***

The Second Amended Complaint states that the plaintiff was transferred from the Wabash Valley Correctional Facility ("WVCF") to the Plainfield Correctional Facility on

January 24, 2006. Following this transfer, plaintiff requested and began receiving his religious diet regularly. The defendants assert that this transfer makes judgment on the pleadings proper as to plaintiff's claims for compensatory damages and injunctive and declaratory relief.  The plaintiff agrees.  See Docket Nos. 63 and 80.  Thus, the **plaintiff's claims for compensatory damages and injunctive and declaratory relief are dismissed.** The defendants assert that judgment on the pleadings is also proper on the plaintiff's claim for punitive damages. The plaintiff disagrees, arguing that he sufficiently alleged facts in his pleadings that would entitle him to such relief.

Rule 12(c) permits a party to move for judgment after the filing of a complaint and answer. *See Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A Rule 12(c) motion for judgment on the pleadings is decided under the same standards applied to a motion for failure to state a claim under Rule 12(b)(6): "the motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Gutierrez v. Peters*, 111 F.3d 1364, 1368 (7th Cir. 1997). However, the court need not ignore facts in the complaint that undermine the plaintiff's claim.  *Northern Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452. In reviewing the Complaint, "all well-pleaded facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff." *Gutierrez*, 111 F.3d at 1369; *see also Hentosh v. Herman M. Finch Univ. of Health Sciences/The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir.1999). Moreover, because the plaintiff proceeded *pro se*, the court construes his complaint liberally and holds his complaint to less exacting standards than those prepared by counsel. *See Gutierrez*, 111 F.3d at 1369.

In the § 1983 context, the Seventh Circuit has held that where a plaintiff alleges deprivation of a constitutional right, that deprivation is itself a cognizable injury; thus, the Prison Litigation Reform Act of 1995, § 101(a), 42 U.S.C.A. § 1997e(e), "leaves unaffected claims for nominal and punitive damages" arising from the constitutional violation.  *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir.1999) ("A deprivation of First Amendment rights standing alone is a cognizable injury."). "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). "The difference between deliberate and reckless harm is the difference between wanting to hurt someone and knowing that hurting someone is a highly likely consequence of an act undertaken for a different end. But in the latter case there must be knowledge of the danger that the defendant's act creates...." *Soderbeck v. Burnett County, Wis.*, 752 F.2d 285, 290 (7th Cir.1985).

The defendants are now asking the court to conclude, as a matter of law, that no reasonable jury could find that the defendants acted with a motive that warrants punitive damages in this case when they denied the plaintiff his religious preference diet in conformance with his Mahayana Buddhist beliefs and removed him from the Buddhist Corporate religious services. Such an argument might be appropriate in a motion for

summary judgment on the issue of punitive damages. *See, e.g., Juarez v. Menard, Inc.*, 366 F.3d 479, 480-81 (7th Cir. 2004) (affirming grant of summary judgment for the defendants on the issue of punitive damages); *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 475 -476 (7th Cir. 1997) (finding that district court required more facts to determine whether defendant's actions were objectively reasonable or constituted a violation of a clearly established constitutional right). Absent such a motion, however, no factual record has been developed with regard to the defendants' motives. Accordingly, the court is unwilling to conclude that punitive damages are barred as a matter of law on the plaintiff's claims. The defendants' motion for judgment as a matter of law must be **denied** on the punitive damages issue.

Going forward is the plaintiff's claim for nominal damages against the remaining five defendants, Chaplain David Walker, Superintendent Alan Finnan, Assistant Superintendent Julie Smith, Aramark Food Service Director Michael Anderson, and Aramark Correctional Services, Inc.  See Docket No. 18.  Punitive damages are alleged against David Walker, Michael Anderson and ARAMARK Correctional Services, Inc. and shall proceed only against these three defendants.

4. **The defendants' motion to strike the exhibits attached to the plaintiff's memorandum in response to the defendants' motion for partial judgment on the pleadings is *granted*.** Docket No. 93.  This motion is **granted** because the exhibits are outside the scope of Federal Rule of Civil Procedure 12(c), they are not authenticated, and they constitute inadmissible hearsay.

5. The parties shall have **through January 25, 2008,** in which to complete written discovery and discovery depositions.

6. The parties shall have **through February 8, 2008,** in which to file any dispositive motion, including any motion for summary judgment.

7. No case management plan need be submitted in this action unless ordered in the future.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date:  11/8/2007

Distribution:

David A. Arthur
INDIANA STATE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Eric James Beaver
INDIANA STATE ATTORNEY GENERAL
eric.beaver@atg.in.gov

Thomas J. Grau
DREWRY SIMMONS VORNEHM, LLP
tgrau@drewrysimmons.com

Lynn A. Grunloh
DREWRY SIMMONS VORNEHM, LLP
lgrunloh@drewrysimmons.com

Michael Christianson
DOC #135489
Plainfield Correctional Facility
727 Moon Road - C2-O8U
Plainfield, IN 46168